UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUCHELL CINQUE MAGEE,

Plaintiff,

v.

STEVEN ARKOWITZ, et al.,

Defendants.

No. 2:19-cv-0172 KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions to disqualify the undersigned. (ECF Nos. 18, 20.)

Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party and setting forth the facts and reasons for such belief. See 28 U.S.C. § 144. Similarly, section 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party." Id.,§ 455(b)(1).

////

////

1

A judge finding a section 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. See id. at 868 (holding judge challenged under section 144 properly heard and denied motion where affidavit not legally sufficient).

The substantive test for personal bias or prejudice is identical under sections 144 and 455. See Sibla, 624 F.2d at 868. Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under section 144 will raise a question concerning recusal under sections 455(a) and (b)(1) as well. Sibla, 624 F.2d at 867.

After reviewing plaintiff's motions to disqualify, the undersigned finds that plaintiff's conclusory allegations fail to provide any fact or reason on which a reasonable person would conclude that my impartiality might reasonably be questioned, or that otherwise indicate bias or prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions to disqualify (ECF Nos. 18, 20) are denied.

Dated: November 21, 2019

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

Mag172.ord