UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN ARKOWITZ, et al.,<br><br>　　　　Defendants. | No. 2: 19-cv-0172 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, the undersigned recommends that this action be dismissed.

Plaintiff is incarcerated at the California Men's Colony ("CMC") in San Luis Obispo County. Named as defendants are Santa Clara County Deputy District Attorney Timothy Reardon, CMC Counselor Enriquez and Parole Board Commissioner Arkowitz. Plaintiff alleges that from April 4, 1973, through January 2019, defendants have concealed the truth that, in 1973, plaintiff was acquitted of criminal charges for murder and kidnapping in the Santa Clara County Superior Court. Attached to the complaint is an alleged declaration by jury foreman Bernard Suares, dated October 2010, which appears to state that the jury acquitted plaintiff of the murder and kidnapping charges in 1973.

////

Plaintiff alleges that as a result of defendants' concealment of his acquittal, parole board officials have used the acquitted charges to find him unsuitable for parole. As relief, plaintiff seeks an order directing all state agencies to acknowledge his acquittal.

On September 6, 1988, the Honorable Lawrence K. Karlton issued an order finding that plaintiff abused the process available to indigent litigants. Based on this abuse, Judge Karlton ordered that before plaintiff filed any new actions, he was to certify that any new petition or complaint presented new claims never raised and disposed of on the merits by any federal court, and must show that denial of leave to file would be prejudicial because the new claims could not be properly joined by amendment to any previously filed action. Judge Karlton ordered that failure to certify or upon a false certification, plaintiff may be found in contempt of court and punished accordingly. Judge Karlton also ordered the Clerk of the Court to lodge, rather than file, plaintiff's complaints or petitions, for consideration by any judge of the Eastern District.

In this action, the Clerk of the Court filed, rather than lodged, plaintiff's complaint. (ECF No. 1.) The Clerk of the Court was unaware of Judge Karlton's order at the time plaintiff's complaint was filed.

On May 1, 2019, the undersigned issued an order finding that Judge Karlton's order had not been vacated. (ECF No. 7.) The undersigned observed that plaintiff had not complied with the certification requirements set forth by Judge Karlton for filing a new action. (Id.) Accordingly, the undersigned granted plaintiff fourteen days to show cause why this action should not be dismissed for his failure to file the certification discussed above. (Id.)

Since May 1, 2019, plaintiff has filed several documents. Most of these documents do not address the court's May 1, 2019 order. However, on July 22, 2019, plaintiff filed objections to the May 1, 2019 order. (ECF No. 17.) In this pleading, plaintiff argues that the court should consider his new evidence, i.e., the Suares declaration. Plaintiff appears to claim that he has not previously filed a claim arguing that he was acquitted in 1973 based on the Suares declaration.

For the reasons stated herein, the undersigned finds that plaintiff has not demonstrated that denial of leave to proceed with this claim would be prejudicial because this claim could not be properly joined by amendments to any previously filed action.

1 | A finding that plaintiff was acquitted of murder and kidnapping in 1973 based on the Suares declaration would potentially lead to his immediate or earlier release. Therefore, these claims should be raised in a habeas corpus petition, rather than a civil rights action. Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016 (en banc). Plaintiff's claim challenging the validity of his 1973 Santa Clara County conviction based on the Suares declaration should be raised in a habeas corpus petition filed in the United States District Court for the Northern District, where Santa Clara County is located. See 28 U.S.C. § 2241. Plaintiff's claims challenging parole suitability decisions based on the Suares declaration should be filed in the Central District, where plaintiff is incarcerated. See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) ("The proper form to challenge the execution of a sentence is the district where the prisoner is confined.")

The undersigned observes that on March 30, 2018, plaintiff filed a habeas corpus petition in the United States District Court for the Northern District of California challenging his 1973 conviction on the grounds that he was acquitted of the charges. See 2:18-cv-1967 YGR, ECF No. 1. Plaintiff attached to his habeas petition filed in 18-cv-1967 the same, or very similar, alleged declaration by Bernard Suares that he attaches to the instant complaint. See id., ECF No. 1 at 17-19. On April 27, 2018, the district court dismissed case 18-cv-1967 as a second or successive petition, containing new claims, attacking the same conviction and sentence as plaintiff's previous petitions. Id., at ECF No. 4. It is unclear whether plaintiff sought certification from the Ninth Circuit Court of Appeals to proceed with his successive or second petition.

Because plaintiff previously raised his claim challenging his 1973 conviction based on the Suares declaration in case 18-cv-1967, plaintiff has not demonstrated that denial of leave to proceed with this claim in this action would be prejudicial. Plaintiff does not address why he could not raise his claim challenging decisions finding him unsuitable for parole based on the Suares declaration in a previously filed habeas petition properly filed in the Central District. For this reason, plaintiff has not demonstrated that denial of leave to proceed with this claim in this action would be prejudicial. Accordingly, plaintiff has not met the certification requirements established by Judge Karlton.

////

Judge Karlton found that if plaintiff failed to properly certify an action, he may be found in contempt of court and punished accordingly. Based on the circumstances of this case, the undersigned finds that the proper punishment is dismissal of this action.[1]

Finally, the undersigned has considered whether he should recommend that Judge Karlton's order should be vacated. Plaintiff's pleadings in response to the May 1, 2019 order to show cause generally challenge the validity of Judge Karlton's order. For example, in a pleading filed May 20, 2019, plaintiff alleges that Judge Karlton's order is a "fraud document." (ECF No. 11 at 1.) Plaintiff alleges that he should be allowed to proceed with the instant action because he is "innocent." (Id.) In his pleadings, plaintiff does not address what circumstances have changed since Judge Karlton issued his order that warrant vacating his order.

Based on the circumstances of the instant action, the undersigned does not recommend vacating Judge Karlton's order. Plaintiff has not demonstrated that changed circumstances warrant vacating Judge Karlton's order. In addition, as discussed above, plaintiff's claims should be raised in habeas corpus petitions filed in the Northern District and/or Central District. Because plaintiff has previously filed habeas corpus petitions challenging the validity of his 1973 conviction in the Northern District, as discussed above, plaintiff is aware of these filing requirements. Therefore, based on the circumstances of this case, the undersigned finds no good cause to vacate Judge Karlton's order imposing pre-filing certification in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's pending motions (ECF Nos. 4, 5, 6, 8, 11, 12, 13, 15) are vacated;

2. The Clerk of the Court shall appoint a district judge to this action;

IT IS HEREBY RECOMMENDED that this action be dismissed based on plaintiff's failure to certify this action in accordance with Judge Kartlton's order, as discussed above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

---

[1] Had plaintiff met Judge Karlton's certification requirements, the undersigned would order this action transferred to the Northern District and/or Central District.

with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 21, 2019

Mag172.dis

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE